IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:07CR98-HEH |
| | ) | Civil Action No. 3:10CV898 |
| KENNETH W. TUCKER | ) | |

## MEMORANDUM OPINION
(Dismissing Motion To Reopen As Unauthorized Successive § 2255)

On June 22, 2007, this Court sentenced Tucker to a 144-month term of imprisonment. On March 25, 2010, this Court denied Tucker's motion to vacate pursuant to 28 U.S.C. § 2255. On April 26, 2010, Tucker noted an appeal with the United States Court of Appeals for the Fourth Circuit. On August 30, 2010, the Court received Tucker's "MOTION TO REOPEN." Although Tucker styled his motion as one under Fed. R. Civ. P. 59(a)(2), the Court will analyze it under Rule 60 because the time for filing a Rule 59 motion with respect to the denial of his 28 U.S.C. § 2255 motion has long since passed. *See In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.



§ 2244(b)(3)(A). The Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

In *Winestock*, the Fourth Circuit provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

340 F.3d at 207 (internal citation omitted).

Here, Tucker does not raise procedural defects in this Court's § 2255 review process. Rather, Tucker challenges the validity of his criminal prosecution and the resulting judgment. Specifically, Tucker challenges the legality of the traffic stop four years ago that led to his arrest and incarceration. Therefore, his present motion must be treated as a successive § 2255 motion. *See id.* at 206-08. The action will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability therefore will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
UNITED STATES DISTRICT JUDGE

Date: Dec 8, 2010
Richmond, Virginia